James W. Honeywell, Esq. Town Attorney, New Berlin
You have asked whether a member of a town board may also hold the position of commissioner of a water district in a town.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
The town board is the administrative and legislative arm of town government. It is responsible for the determination of policy on behalf of the town.
In most towns, the town board is solely responsible for improvement districts within the town. Some towns, however, have a separately elected board of commissioners for an improvement district. The powers and duties of improvement district commissioners are specified by State law (Town Law, § 215). A review of these powers indicates that in some circumstances the position of improvement district commissioner is subordinate to the office of town board, making the two positions incompatible. Improvement district commissioners may "when specifically authorized by the town board and subject to such restrictions as the town board may impose", designate one of their members as treasurer and disbursing officer for the district in place of the town supervisor (id., § 215[1-a]). They are empowered, "with the approval of the majority of the town board", to sell or lease real or personal property owned by the district (id., § 215[8]). Improvement district commissioners annually must file with the town budget officer an estimate of the proposed expenditures and revenues of the district (id., § 215[10]). The town board may reduce any item specified in the estimate, except those relating to estimated revenues and debt service unless the majority of the district commissioners request such reduction in writing (ibid.). The commissioners, under a specific delegation by the town board, may exercise certain other specified powers (id., § 215[19]). Upon the adoption of a resolution by the town board, the commissioners of an improvement district may employ an attorney and/or engineer to provide legal and engineering services for the district (id., § 215[22]).
It is apparent that many of the powers and duties of improvement district commissioners are subject to review and approval by the town board. In our view, the office of improvement district commissioner is subordinate to the office of member of a town board making these two positions incompatible.
We conclude that the offices of improvement district commissioner and member of a town board are incompatible.